UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

STEVEN KLODZINSKI,

                Plaintiff,

    v.                                              **DECISION AND ORDER**
                                                              05-CV-849S

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

      1.      In this case, Plaintiff Steven Klodzinski challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled since May 23, 2003, due to osteoarthritis of the hips and spine. Plaintiff contends that his impairments have rendered him unable to work. He therefore asserts that he is entitled to payment of disability benefits under the Act.

      2.      Plaintiff applied for disability insurance benefits and Supplemental Security Income on July 12, 2004. His claims were denied initially. At Plaintiff's request, an administrative hearing was held before ALJ Charles Center on May 9, 2005. Plaintiff and an impartial vocational expert testified at the hearing. The ALJ considered the case *de novo*, and on July 21, 2005, issued a decision denying Plaintiff's application for benefits. On September 29, 2005, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the current civil action on December 1, 2005, challenging Defendant's final decision.[1]

      3.      On June 1, 2006, Plaintiff and Defendant filed Cross Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the

---

[1] The ALJ's July 21, 2005 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

following reasons, Defendant's Motion for Judgment on the Pleadings is granted and Plaintiff's Motion seeking the same is denied.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C.

§ 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with respect to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since the alleged onset of his disability (R. at 17);[2] (2) Plaintiff's degenerative disc disease, degenerative joint disease, and obesity constitute "severe" impairments (R. at 17); (3) Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in the regulations (R. at 17); (4) Plaintiff retains the residual functional capacity to perform a significant range of sedentary work, to sit for six hours and to stand and/or walk for two hours in an eight hour period alternating positions every 30 minutes, to occasionally lift and carry objects weighing up to ten pounds, to frequently lift and carry objects weighing five pounds, to use his arms and legs for pushing or pulling, to occasionally kneel, stoop or crawl, but not climb ladders, ropes, or scaffolding; Plaintiff must avoid exposure to vibrations, and pain, distraction, and side effects from medication affect his ability to concentrate (R. at 17); and (5) Plaintiff was unable to perform any of his past relevant work.  (R. at 17).  Considering Plaintiff's status as a younger individual, with more than a high school education, with no transferrable skills from his past work, and a residual functional capacity to perform a significant range of sedentary work, the ALJ determined that the Medical-Vocational Guidelines directed a conclusion of "not disabled." (R. at 17-18).  Ultimately, the ALJ determined that Plaintiff was not under a disability as defined by the Act at any time through the date of his decision, July 21, 2005.

10. Plaintiff argues that the ALJ erred by declining to adopt the residual

---

[2] Citations to the underlying administrative record are designated as "R."

functional capacity ("RFC") assessment rendered by his treating physician, Dr. Stephen P. Scrivani. The record reflects that on September 2, 2004, Dr. Scrivani assessed that Plaintiff could stand and/or walk for less than two hours and sit for less than six hours of an eight hour day. (R. at 271). Plaintiff contends that this restrictive assessment is tantamount to a conclusion than he was limited to part time work and therefore disabled from full-time work. In his decision, the ALJ found that Plaintiff could stand and/or walk for two hours and sit for six hours. (R. at 14, 17). Plaintiff contends that the ALJ violated the "treating physician's rule" by failing to afford proper weight to Dr. Scrivani's evaluation.[3]

11.     According to the "treating physician's rule," the ALJ must give controlling weight to the treating physician's opinion when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2); see also Green-Younger v. Barnhart, No. 02-6133, 2003 WL 21545097, at *6 (2d Cir. July 10, 2003); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000). Having reviewed the entire record, this Court finds that Dr. Scrivani's restrictive assessment is both unsupported by his own medical findings and inconsistent with the objective findings of Dr. Nabil Khalil. Accordingly, the ALJ did not commit reversible error in finding that Plaintiff was not as restricted as Dr. Scrivani suggested.

A review of Plaintiff's medical record reveals that Dr. Scrivani's findings were unremarkable and his treatment recommendations conservative. For instance, on April 1, 2004, Dr. Scrivani noted that X-rays of Plaintiff's back were negative. (R. at 79). On September 2, 2004, the doctor noted that Plaintiff weighed over 350 pounds, walked with

---

[3] "The 'treating physician's rule' is a series of regulations set forth by the Commissioner in 20 C.F.R. § 404.1527 detailing the weight to be accorded a treating physician's opinion." de Roman v. Barnhart, No. 03-Civ.0075(RCC)(AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003).

an abnormal gait or waddled, and had a limited range of motion in his hips and lower back (R. at 116-117). To treat Plaintiff's diagnosed hypertension, osteoarthritis and obesity, Dr. Scrivani prescribed anti inflammatory drugs and recommended that he exercise. (R. at 114-115). Thereafter, on September 21, 2004, Dr. Scrivani recommended that Plaintiff undergo physical therapy and mental health counseling and opined that while Plaintiff was unable to work for the following six months, he was not permanently unemployable. (R. at 142-43). These findings and treatment recommendations are inconsistent with a conclusion that Plaintiff was disabled under the Act.[4]

Additionally, Dr. Scrivani's restrictive assessment is inconsistent with the findings of Dr. Khalil, a consultative physician who examined Plaintiff, and Plaintiff's own subjective reports regarding his limitations. At a September 16, 2004 examination, Dr. Khalil observed that Plaintiff walked with short steps without the aid of an assistive device, that his shoulders, elbows, forearms, wrists, knees, ankles, and his lumbar, thoracic, and cervical spines all had full range of motion, that his muscle strength in his upper and lower bilateral extremities was full, and that his reflexes and sensations were normal. (R. at 123-124). At that examination, Plaintiff told Dr. Khalil that he showered, bathed and dressed himself, watched television, read and visited his mother every day. (R. at 122). Dr. Khalil observed that Plaintiff had no difficulty changing his clothes, getting on or off of the examination table, or rising from a seated position. (R. at 122). The foregoing objective medical findings, Plaintiff's conservative treatment record, and his own subjective reports

---

[4]To establish disability under the Act, a plaintiff must demonstrate that he was unable to engage in substantial gainful activity by reason of a physical or mental impairment that could have been expected to last for a *continuous period of at least twelve months* and that the existence of such an impairment was demonstrated by medically acceptable clinical and laboratory techniques. 42 U.S.C. §§ 423(d) and 1382c(a) (emphasis added).

regarding his limitations support the ALJ's conclusion that he was capable of performing sedentary work with some restrictions.

Given the totality of the medical record, it was appropriate for the ALJ to acknowledge Dr. Scrivani's restrictive assessment but ultimately predicate his RFC determination on the medical record. Supportability and consistency with other evidence of record are necessary in order for a medical opinion to be accorded controlling weight. See Schaal v. Apfel, 134 F.3d 496, 503 (2d Cir. 1998). That is, "[w]hen other substantial evidence in the record conflicts with the treating physician's opinion . . . that opinion will not be deemed controlling[, a]nd the less consistent the opinion is with the record as a whole, the less weight it will be afforded." Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999); Segarra v. Apfel, 58 F. Supp. 2d 26, 32 (E.D.N.Y. 1999). In any case, certain findings, including the ultimate finding of whether a claimant is disabled, are reserved to the Commissioner. See 20 C.F.R. § 404.1527(e). "That means that the [ALJ] considers the data that physicians provide but draws [his] own conclusions as to whether [that] data indicate[s] disability." Snell, 177 F.3d at 133.

Under the circumstances of this case, it cannot be said that the ALJ arbitrarily substituted his own judgment for that of the treating physician. Rather, the ALJ appropriately modified Dr. Scrivani's assessment so that it was consistent with the objective medical evidence in the record. For the foregoing reasons, this Court finds that the ALJ's treatment of Dr. Scrivani's restrictive evaluation was appropriate.

12.     After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case, including the objective medical evidence and medical opinions based on that evidence. It is clear to this Court that the ALJ thoroughly examined the record and afforded appropriate weight to all of the

medical evidence in rendering his decision that Plaintiff is not disabled within the meaning of the Act.  Finding no reversible error in the ALJ's decision and further finding that his decision is supported by substantial evidence, this Court will grant Defendant's Motion for Judgment on the Pleadings and deny Plaintiff's motion seeking the same.

       IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 5) is GRANTED.

       FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 4) is DENIED.

       FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

       SO ORDERED.

Dated:   March 7, 2007
            Buffalo, New York

                                                                                    /s/William M. Skretny
                                                                                    WILLIAM M. SKRETNY
                                                                                    United States District Judge